UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FAUSTINO XAVIER BETANCOURT-COLON,

    **Plaintiff,**

v.

PLAZA LAS AMERICAS, INC., et al.,

    **Defendants.**

Civil No. 23-1338 (ADC)

**OPINION AND ORDER**

Before the Court is a motion to dismiss filed by co-defendant Adisport Corporation d/b/a Adidas ("Adisport") on July 31, 2023. **ECF No. 36**. Plaintiff Faustino Xavier Betancourt-Colón ("plaintiff") filed an opposition on August 14, 2023. **ECF No. 42**. Defendants replied on August 24, 2023. **ECF No. 49**.

For the reasons set forth below, the Court **GRANTS** defendants' motion to dismiss.

**I.    Factual Background**

On May 17, 2023, plaintiff filed a complaint in the Commonwealth of Puerto Rico's Court of First Instance, San Juan Part, under Title III of the American with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*. ("ADA") seeking a declaratory judgment and a permanent injunction against Adisport and several other defendants who own, lease and/or operate the shopping mall known as Plaza Las Américas and/or stores located therein. *See* **ECF No. 1-2** (certified translation of summons and complaint). Plaintiff alleges to have visited the shopping mall on April 18, 2023.

*Id.*, at 7, ¶ 11. As respects Adisport, plaintiff alleges to have identified the following architectural barrier during this visit to the Adidas store: "The sales counter in the Adidas store is substantially inconsistent with the applicable regulations, since it is 39 7/8 inches high, exceeding the 36 inches in height provided by the ADAAG 1991 § 7.2 ADAAG 2010 §§ 904.3.1."

*Id.*, at 8, ¶ 13.i. He further alleges that:

> The barrier created by the excessive height of the counters is related to the conditions and substantial limitations of Mr. Betancourt since in order to be able to use them from his scooter by [sic] he would have to make unnecessary stretching movements, he would also have to make efforts exceeding the usual efforts to communicate with the person helping him such as speaking louder in order for the person to hear him. Eliminating this barrier would make it possible for Mr. Betancourt to make his request or order and pay in a manner that would not require something outside of what would be normal or a potential risk to his integrity.

*Id.*, at 5-6, ¶ 14.

On June 23, 2023, co-defendant Puerto Rico Telephone Company filed a notice of removal and removed the Commonwealth court case to this Court. *See* **ECF No. 1**. Plaintiff filed a motion for remand on June 29, 2024. **ECF No. 14**. As relevant here, Adisport joined the notice of removal on June 30, 2023. **ECF No. 15**. The Court promptly denied the motion to remand on July 19, 2023. **ECF No. 27**.

On July 31, 2023, Adisport filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) arguing that the claims against it have become moot given its remediation of the alleged barriers in the Adidas store. **ECF No. 36**. Adisport points to the narrowness of the remedies available under ADA, which is limited to forward-looking, preventive injunctive relief. *Id.*, at 5. It then presents

photographs incorporated to its motion that show how it has installed an ADA compliant sales counter in its store, which renders moot plaintiff's request for an injunction. *Id.*, at 7-8.

Plaintiff nonetheless opposed the motion to dismiss on August 14, 2023, arguing that Adisport's modifications were temporary rather than permanent, and thus could be reverted to a non-compliant state if the Court were to dismiss the case as moot. **ECF No. 42**. Adisport filed a reply on August 24, 2023, insisting that its remediation is compliant with both the 2010 and 1991 ADA Accessibility Guidelines and that the case was moot under relevant ADA case law. **ECF No. 49**.

## II. Legal Standard

A motion to dismiss on mootness grounds is properly asserted under Fed. R. Civ. P. 12(b)(1) because it constitutes a challenge to the court's subject-matter jurisdiction. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 594 F. Supp. 3d 433, 442 (D.P.R. 2019); *Surén-Millán v. United States*, 38 F. Supp. 3d 208, 212 (D.P.R. 2013). When considering a Rule 12(b)(1) motion to dismiss, the Court may consider all pleadings submitted by the parties. *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). Thus, the Court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." *Fernández-Molinary v. Industrias la Famosa, Inc.*, 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).

Mootness refers to when the issues in a case "are no longer 'live' or the parties lack a legally cognizable interest in the outcome, such that it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Ruiz*, 83 F.4th 68, 73 (1st Cir. 2023) (quoting *Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 191-92 (1st Cir. 2022)) (cleaned up). The mootness doctrine "addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *Moore v. Harper*, 600 U.S. 1, 14 (2023) (quoting *West Virginia v. EPA*, 597 U.S. 697, 719 (2022)). It is a corollary of the "Case" and "Controversy" jurisdictional requirement contained in Article III of the United States Constitution. *Id.*

The burden of establishing mootness lies with the party asserting its application. *See Am. C.L. Union of Massachusetts v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (citing *Conservation Law Found. v. Evans*, 360 F.3d 21, 24 (1st Cir. 2004)). Where "the only conceivable basis for a finding of mootness… is the [defendant's] voluntary conduct," the burden of establishing mootness is a heavy one. *West Virginia v. EPA*, 597 U.S. at 719 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (cleaned up). This is because "a party should not be able to evade judicial review… by temporarily altering questionable behavior." *See Am. C.L. Union of Massachusetts*, 705 F.3d at 54 (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n. 1 (2001)).

III.    Discussion

The question before the Court is whether Adisport's modifications to its existing sales counter are enough to moot plaintiff's claim for relief against it.

Under 42 U.S.C. § 2000a-3(a), which is incorporated into Title III of ADA by 42 U.S.C. § 12188, the remedies available to plaintiff are limited to "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order…." 42 U.S.C. § 2000a-3(a). "By the plain terms of that provision, a private party may obtain only forward-looking relief; damages for past harms are not available." *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006).

In his complaint, plaintiff requests *inter alia* that the Court grant the following forward-looking relief:

> A permanent injunction… ordering the defendants to eliminate the architectural barriers existing in the Property by complying design guidelines that are applicable according to date of construction and alteration…. A permanent injunction… ordering the defendants to eliminate the discriminatory policies and practices that currently exist and prevent the elimination of the architectural barriers and/or policies and practices which prevent offering the reasonable accommodations that are necessary for there to be equal treatment….

**ECF No. 1-2** at 15-16.[1] Plaintiff's specific allegations against Adisport are limited to the claim that its store's sales counter "is 39 7/8 inches high, exceeding the 36 inches in height provided by the ADAAG 1991 § 7.2 ADAAG 2010 §§ 904.3.1." **ECF No. 1-2** at 8, ¶ 13.i.

---

[1] Plaintiff also requested "Dignitary damages in the amount of one dollar or via court declaration to the effect that the dignity of the plaintiff was violated. Attorney's fees, costs, and litigation expenses if plaintiff prevails in his claims…." **ECF No. 1-2** at 16. These do not affect the Court's mootness analysis. Plaintiff's request for "dignitary

Adisport claims to have, as of July 23, 2023, modified its sales counter to an ADA-compliant height: "…Adidas' accessible sales counter-height is 33 inches above the finish floor. Therefore, the sales counter complies with accepted measures required for a sales counter-height by either Section 7.2 of the ADAAG 1991 and the parallel approach of Section 903 of the ADAAG 2010." **ECF No. 36** at 7.[2] Adisport provided three photographs of the sales counter taken that day as "illustrations." *Id.*, at 7-8.[3] These show a long, three-panelled grey counter and a smaller, shorter, black-colored counter attached to one of its ends, as well as a tape measurement showing a floor to top height of under 34 inches. *Id.* Adisport posits that these good faith modifications remove any architectural barriers that may have affected plaintiff and that they comply with both the 1991 and 2010 ADA Standards for Accessible Design.

Plaintiff does not seriously dispute that the remediation has taken place or that it complies with the applicable law. His only remarks as to the nature of the new counter is that it

---

damages" is a claim for nominal damages. *See G. v. Fay Sch.*, 931 F.3d 1, 11 (1st Cir. 2019) ("Nominal damages recognize a past wrong by providing plaintiffs 'the moral satisfaction of knowing that a federal court concluded that their rights have been violated in some unspecified way.'") (quoting *Farrar v. Hobby*, 506 U.S. 103, 114, (1992)). Nominal damages "do not fit into the taxonomy of preventive relief, which is the only type of relief authorized by section 12188(a)(1)." *Id.* (citing *Goodwin*, 436 F.3d at 51) (internal quotation marks omitted). And plaintiff is not a "prevailing party" entitled to attorney's fees within the meaning of 42 U.S.C. § 2000a-3(b), as this Court's dismissal of the claims against Adisport comes months after Adisport voluntarily remediated its sales counter and with little to no Court involvement. *See Suárez-Torres v. Panadería y Repostería España, Inc.*, 988 F.3d 542, 552-55 (1st Cir. 2021).

[2] The "ADAAG 1991" refers to the 1991 ADA Standards for Accessible Design which were in effect until March 14, 2012. *See* 28 C.F.R. pt. 36, app'x D. The "ADAAG 2010" refers to the 2010 ADA Standards for Accessible Design which are currently in effect. These are found in 28 C.F.R. §§ 36.101 *et seq.* and in 36 C.F.R. pt. 1191, app'x B and D.

[3] The Court need not determine whether the photographs are properly incorporated into the pleadings because under Fed. R. Civ. P. 12(b)(1) it may take into account materials on the record that are not in the pleadings. *See Fernández-Molinary*, 203 F. Supp. 2d at 114-15.

is a "mobile accessible sales counter" and that "the counter surface is obstructed by external items such as a computer, cash register, and display boxes, which add height and reduce accessibility." **ECF No. 42** at 3. But plaintiffs' sole legal argument against Adisport's motion is that there is no evidence that the modified sales counter is permanent or not easily reversible. **ECF No. 42** at 3-4.

On reply, Adisport argues that there is no need under ADA and its interpretative guidelines for a remediation to be "permanently constructed on site." **ECF No. 49** at 3. Also, Adisport argues that the remediation is structural in nature, as "the countertop is fixed to the accessible counter which is, in turn, affixed to the general checkout counter." *Id.* Accordingly, Adisports counter plaintiff's suggestion that it would "easily reverse" its modification by calling it unsupported speculation and a *non-sequitur*: "It is nonsensical to suggest… that despite Adisport's clear and undisputed interest [in bringing] the sales and service counter-height into compliance… [it] would immediately [undo the] remediation thereby opening itself up to future lawsuits." *Id.*, at 8-9.

Having examined the papers filed by each party, the Court is of the view that the modifications undertaken by Adisport are compliant with the 1991 and 2010 ADA Standards for Accessible Design. Section 7.2(1) of the 1991 Standards required that sales counters have a maximum height of 36 inches (915 mm) above the finish floor. 28 C.F.R. pt 36, app. D, § 7.2(1). It also provided for auxiliary counters meeting such requirements where alterations would "unfeasible." *Id.* For its part, section 904.4 of the 2010 Standards mandates that sales and service

counters comply with either section 904.4.1 or section 904.4.2, which in turn impose a maximum height requirement of 36 inches (915 mm) above the finish floor. 36 C.F.R. pt. 1191, app. D, §§ 904.4.1 and 904.4.2. The photographs submitted by Adisport show that the counter complies with this height requirement. **ECF No. 36** at 7-8. Therefore, the architectural barrier object of plaintiff's ADA claim against Adisport is no longer present, and plaintiff is free to enjoy the goods, services, and facilities of Adisport's store fully and equally. 42 U.S.C. § 12182(a).

As to whether Adiport's modifications are easily reversible, the Court notes that plaintiff's characterization of the remediation is not borne out by the photographs provided by Adisport. There is no cash register and there are no display boxes on the accessible sales counter—the only box in the photograph is a shoe box. In fact, the third photograph, showing the height of the counter, does not contain the shoe box. Moreover, the computer that plaintiff complains about is a thin laptop that is not affixed to the counter. Moreover, as Adisport points out, the accessible counter is not a "movable counter" but one affixed to the general counter, and Adisport stated that it has no interest in reversing (nor would make sense for it to) the remediation. Lastly, the Court notes that despite plaintiff having notice of the installation of the accessible sales counter since the filing of the motion to dismiss on July 31, 2023, there is no mention by plaintiff of any effort to independently verify and rebut Adisport's factual contentions. Thus, considering plaintiff's misleading characterization of the new sales counter, his suggestion that the remediation is easily reversible is entirely speculative.

As such, the Court is of the view that there is no longer a case or controversy for this Court to adjudicate or an injunction that would afford plaintiff any effective relief. The Court lacks subject matter jurisdiction over the claims against Adisport, for which reason they shall be **DISMISSED**.

## IV.     Conclusion

For the reasons stated above, the Court **GRANTS** Adisport's motion to dismiss at **ECF No. 36**. Plaintiffs' claims against Adisport are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of February, 2024.

               **S/AIDA M. DELGADO-COLÓN**
               **United States District Judge**